OPINION
On December 31, 1999, Trooper William Butts of the Ohio State Highway Patrol clocked a vehicle traveling 48 m.p.h. in a 35 m.p.h. zone. Trooper Butts followed the vehicle and activated his lights. The vehicle stopped and Trooper Butts observed appellant, Garry Dragan, exit the driver's side of the vehicle. Following an investigation, Trooper Butts concluded appellant was under the influence of alcohol. The vehicle was registered to appellant's girlfriend, Rebecca Haubert, who was in the vehicle during the stop. On February 18, 2000, the Stark County Grand Jury indicted appellant on one count of driving under the influence in violation of R.C. 4511.19(A). A jury trial commenced on May 16, 2000. Appellant's defense at trial was that Ms. Haubert was actually driving the vehicle when it was clocked for speeding. Appellant claimed he and Ms. Haubert switched seats. In support of his claims, appellant sought to play a homemade videotape which re-enacted the incident. The trial court permitted appellant to play a portion of the videotape which depicted the vehicle (van) driving past the area where Trooper Butts was located when he clocked the vehicle. The trial court denied appellant the opportunity to play the portion of the videotape which showed Trooper Butts's view of the rear of the van while two individuals switched seats. The jury found appellant guilty as charged. By judgment entry filed May 22, 2000, the trial court sentenced appellant to an indeterminate term of sixty days to twelve months in jail. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT THE OPPORTUNITY TO PRESENT A HOMEMADE VIDEOTAPED RE-ENACTMENT OF A TRAFFIC STOP THEREBY VIOLATING APPELLANT'S RIGHT TO PRESENT A DEFENSE, THE OPPORTUNITY FOR A FAIR TRIAL AND DUE PROCESS OF THE LAW.
 II THE VERDICT FINDING APPELLANT GUILTY OF DRIVING UNDER THE INFLUENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 I
Appellant claims the trial court erred in denying the presentation of his homemade videotape which re-enacted the traffic stop. We disagree. The admission or exclusion of evidence rests within the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Under Evid.R. 402 and 403, relevant evidence is admissible only to the extent that its probative value is not outweighed "by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The main issue of this case was whether appellant was the driver of the van when it was stopped. Two witnesses testified they observed appellant enter the van on the passenger side. T. at 244, 252-253. Ms. Haubert testified after the van was stopped, she exchanged seats with appellant so that he could exit the vehicle to speak with Trooper Butts. T. at 281. This act made it appear as if appellant had been driving. The trial court found the portion of the videotape depicting the rear of the van where two people enter the van and exit on opposite sides to have no probative value. T. at 286. The trial court did permit the playing of the videotape which depicted Trooper Butt's view of the van as it traveled in front of him. T. at 214-217. During her testimony, Ms. Haubert explained how the switch from driver to passenger seat was accomplished (T. at 281-282), and she verbally described the actions during the following exchange on cross-examination: Q. Miss Haubert, I'd like to go through several portions of your testimony. But I'm really confused as to the part about the time you say that you switched, so can you give me a more detailed description as to who went where? Tell me where your feet were when you made that switch.
A. Well, you're sitting like this.
Q. Okay.
A. All you've got to do is slide out.
 Q. So you slide and you turn so that your feet are no longer forward?
 A. You're kind of like — yeah, you're just kind of back like this.
Q. So you take your feet off the pedals and move over?
A. Yeah.
Q. And then where do you go?
A. Well, I don't go anywhere.
 Q. Okay. So you're just sitting sort of in the seat, turned sideways?
A. Actually, I'm out of the seat.
 Q. Okay. And where, where does Garry go? How does he get over you?
A. You just, you just go right over.
 Q. Okay. So he crosses over you, but feet — your feet came off, he comes over and then he sits in that driver's seat?
A. He got out of that side.
T. at 289-290.
With Ms. Haubert's description of the switch at least four times in the record (T. at 281-282, 289-290, 291-292, 299-300), we find it was not an abuse of discretion to deny the videotape's admission. In addition, we find the videotape was not an actual re-enactment. Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight of the evidence. We disagree. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. As we stated supra, the main issue was whether appellant was the driver of the vehicle when it was stopped. During opening statement, defense counsel told the jury that Ms. Haubert was driving the van when it was stopped for speeding. T. at 156. Defense counsel explained that Ms. Haubert "had been drinking" and because she had a commercial driver's license, "[s]he panicked" when she saw the flashing lights. T. at 160. "At that point Garry crawled over, she slid back, get out of the driver's seat, hoping he can talk his way out of this * * *." Id. In contrast, Ms. Haubert testified after she stopped the van, "I slid out of my seat, and he [appellant] went over me and right out the [driver's] door" to "see what's going on." T. at 281, 282. Ms. Haubert explained appellant could not exit the van from the passenger side because of some bushes that were in the way. T. at 282. Ms. Haubert never told Trooper Butts she was the driver of the van "[b]ecause I didn't know what was going on" and "you're kind of afraid to say anything." T. at 284. Granted, while remarks made during opening statement do not constitute evidence, the crux of appellant's defense was that he did not "want to get her [Ms. Haubert] in trouble" (T. at 160), while Ms. Haubert claimed appellant merely exited the driver's side to speak with Trooper Butts because bushes on the passenger side prevented him from exiting the vehicle from said side. Two of appellant's witnesses testified they observed appellant enter the van from the passenger side and they observed the van driving away. T. at 244, 253. Trooper Butts testified he observed appellant driving the vehicle. T. at 166. He observed no furtive movements inside the van. T. at 175, 227-228. Trooper Butts testified appellant exited the van from the driver's side and walked toward the cruiser. T. at 175. A videotape of the stop which was recorded automatically after Trooper Butts activated his lights was played for the jury. T. at 201; State's Exhibit 1. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182. The jury had a clear choice to believe Trooper Butts or to accept appellant's witnesses. Two of the witnesses were not present at the scene of the driving and stop. Ms. Haubert, as appellant's girlfriend, had a definite bias. Upon review, we find no manifest miscarriage of justice. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 __________ Farmer, J.
Gwin, P.J. and Hoffman, J. concur.